# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDY BROWN,<br><br>  Plaintiff,<br>v.<br><br>CONAGRA BRANDS, INC.,<br><br>  Defendant. | Case No. 4-22-CV-3090<br><br>District Court of Lancaster County, NE Case No. CI-22-0001216<br><br>NOTICE OF REMOVAL |

### DEFENDANT CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL

Defendant Conagra Brands, Inc. ("Conagra" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice that it has removed Case No. CI 22-0001216 from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska. In support of its Notice, Conagra states the following:

### BACKGROUND

1. On April 15, 2022, Plaintiff Judy Brown ("Plaintiff") commenced a civil action in the District Court of Lancaster County, Nebraska entitled *Judy Brown v. Conagra Brands, Inc.*, Case No. D02CI220001216. *See* Plaintiff's Complaint, attached hereto as Exhibit A.

2. Plaintiff's Complaint alleges violations of the Nebraska Fair Employment Practices Act ("NFEPA") and Nebraska common law. *See* Exhibit A.

### SUBJECT MATTER JURISDICTION

3. As set forth below, pursuant to 28 U.S.C. § 1332 (a), this Court has original subject matter jurisdiction based on diversity of citizenship because (1) the dispute is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. If an action initially filed in state court is subsequently removed to federal court, whether the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied is

properly determined at the time of removal of the matter. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

**COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES**

5. A defendant may remove an action based on diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

7. "Citizenship and domicile are synonymous for purposes of 28 U.S.C. § 1332." *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 998 (8th Cir. 1964). Residence is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8. Plaintiff alleges in her Complaint that she is a resident and citizen of Lincoln, Lancaster County, Nebraska. *See* Exhibit A, Complaint at ¶ 4. Upon information and belief based on Plaintiff's pleading, and Conagra's records of Plaintiff's residence during her prior employment with Conagra, Conagra asserts that Plaintiff is a citizen of the State of Nebraska. *Id*; *see also* Exhibit B, Declaration of Sarah Armstrong ("S. Armstrong Dec."), at ¶ 8.

9. Plaintiff named only one defendant in this action, Conagra Brands, Inc.

10. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

11. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the

corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90–94 (2010).

12. Conagra is a corporation incorporated in the State of Delaware with its principal place of business in Chicago, Illinois, where it is headquartered and where its officers direct, control, and coordinate its activities. Thus, for purposes of 28 U.S.C. §§ 1332, 1441, and 1446, Conagra is a citizen of Delaware and Illinois.

13. Because Conagra is the sole defendant, no properly joined and served defendant is a resident of Nebraska.

14. Accordingly, complete diversity of citizenship exists in this action.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *see also Client-Server Technology Group, Inc. v. DeRocher*, No. 8:20CV28, 2020 WL 1931229, at *2 (D. Neb. Apr. 3, 2020) ("Defendant need only show, by a preponderance of the evidence, that there is some arguable basis on which the fact finder 'might legally conclude' that the amount in controversy exceeds $75,000.").

16. The amount in controversy in this case unquestionably exceeds $75,000. Plaintiff seeks lost wages and benefits, front pay, compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses, attorneys' fees, and any other relief the Court deems just and proper. *See* Exhibit A, Complaint at Prayer for Relief.

17. Plaintiff's claimed lost wages alone satisfy the jurisdictional amount. Plaintiff alleges that she was discharged on December 6, 2021. *See* Exhibit A, Complaint at ¶ 20. Plaintiff's hourly wage as of that date was $20.93 per hour, and she worked a full-time schedule of at least 40 hours per week. *See* Exhibit B, S. Armstrong Dec. at ¶ 5. Plaintiff also regularly worked overtime. *See* Exhibit B, S. Armstrong Dec. at ¶ 5-6.

18. To date, Plaintiff has approximately 23 weeks of alleged back pay damages, or approximately $19,255. If a scheduling order is entered 30 days from removal, based on the Court's 26(f) report calculator, a trial will occur around the week of September 11, 2023. Thus, from removal to trial, Plaintiff will have approximately another 68 weeks of alleged back pay damages, or $56,929.60. Based on these calculations, through trial, Plaintiff will have accrued approximately $76,184 in alleged lost back pay alone. These calculations do *not* include *any* estimation of overtime (which Plaintiff regularly worked), potential pay increases, and/or the value of any fringe benefits. Plaintiff earned $4,378.05 in overtime in 2021 alone, and overtime opportunities likely would have been similar in 2022 and 2023 had she remained employed by Conagra. *See* Exhibit B, S. Armstrong Dec. at ¶ 6. Thus, Plaintiff's alleged back pay damages through trial would be even greater than the calculation above.

19. It also is proper to consider the availability of attorneys' fees for purposes of determining the amount in controversy. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Mates v. Butterball, LLC*, No. 4:07CV3130, 2007 WL 2407031, at * 2 (D. Neb. 2007) ("When calculating the amount in controversy, 'statutory attorney fees' are to be included in the total."). Plaintiff's attorneys' fees may meet or exceed any award of damages. For example, in *Ludlow v. BNSF Railway Co.*, a plaintiff who prevailed on a retaliation claim under the NFEPA

was awarded $235,369 in damages and $206,514 in attorneys' fees. *See* Exhibit C, Case 4:12-cv-03113-RGK-CRZ (Memorandum Order May 22, 2014).

20. When Plaintiff's alleged lost wages, benefits, and attorneys' fees are taken into consideration, the amount in controversy in this matter plainly exceeds $75,000.00. Conagra denies Plaintiff is entitled to any such recovery and expects that it will prevail fully in this matter. However, as a threshold jurisdictional issue, diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs". 28 U.S.C. § 1332(a).

21. Accordingly, this Court has original subject matter jurisdiction over this action based on 29 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## VENUE

22. The United States District Court for the District of Nebraska is the appropriate venue for removal of Plaintiff's state court action, pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for that district and division embracing the place where the state court action is pending. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a), because the United States District Court for the District of Nebraska is the district in which the state court case was filed.

## TIMELY REMOVAL

23. Through service of process, Plaintiff served Conagra with the Summons only on April 18, 2022. *See* Exhibit D. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. "[I]f the complaint is filed in court prior to any service, the removal period runs from the

HB: 4891-1582-7486.3

service of the summons". *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## OTHER PROCEDURAL MATTERS

24. No claim in this matter has been made non-removable by statute.

25. An accurate copy of all process, pleadings and orders served upon Defendant are attached hereto as <u>Exhibit D</u>. A true and correct copy of the service of process transmittal is attached hereto at <u>Exhibit D</u>. A copy of the Complaint is attached hereto as <u>Exhibit A</u>.

26. Pursuant to 28 U.S.C. § 1146(d), upon filing this Notice of Removal, Conagra will provide written notice to Plaintiff and file a copy of the Notice of Removal with the Clerk of the District Court of Lancaster County, Nebraska.

27. Conagra reserves the right to amend or supplement this Notice of Removal.

28. By filing this Notice of Removal, Conagra does not waive any defenses that may be available to it.

Date: May 18, 2022

Respectfully submitted,

**CONAGRA BRANDS, INC.**

By: *s/ Jennifer L. Ralph*

Marnie A. Jensen (NE # 22380)
Husch Blackwell LLP
13330 California St Ste 200
Omaha, NE 68154
marnie.jensen@huschblackwell.com

Jennifer L. Ralph (NE # 26998)
jennifer.ralph@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606-3912
Tel: 312.655.1500; Fax: 312.655.1501

HB: 4891-1582-7486.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF System, causing notice of such filing to be served upon the following:

Joy Shiffermiller
Shiffermiller Law Office, P.C., L.L.O.
1002 G Street
Lincoln, NE 68508
joy@shiffermillerlaw.com

*s/ Jennifer L. Ralph*

HB: 4891-1582-7486.3