# EXHIBIT A

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI220001216
Transaction ID: 0018233659
Filing Date: 04/15/2022 02:29:59 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| JUDY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CI22-____ |
| | ) | |
| v. | ) | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| | ) | |
| CONAGRA BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

**COMES NOW**, the Plaintiff, Judy Brown, and for her cause of action against Defendant, Conagra Brands, Inc., alleges and states as follows:

1. This is an action for damages against the Defendant for acts in violation of the Plaintiff's rights as guaranteed under The Nebraska Fair Employment Practice Act ("FEPA"), Neb. Rev. Stat. § 48-1104 and § 48-1114(1)(a); Neb Rev. Stat. §20-148; and for Attorney's fees pursuant to Neb. Rev. Stat. § 48-1119.

## JURISDICTION AND VENUE

2. Venue is appropriate in this Court, as all material facts occurred in Lincoln, Lancaster County, Nebraska.

3. Plaintiff has met the administrative requirements of this action in that on or about December 2, 2020, Plaintiff filed a complaint with the Nebraska Equal Opportunity Commission (NEOC) and the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff received a Right to Sue Letter from the NEOC dated January 21, 2022.

## PARTIES

1

4. Plaintiff, Judy Brown, is a biracial resident and citizen of Lincoln, Lancaster County, Nebraska, with a disability and record of disability.

5. Defendant, Conagra brands, Inc., is a foreign corporation incorporated in the state of Delaware. Defendant's Principal Office is located at 222 W. Merchandise Mart Plz, Ste 1300, Chicago, Illinois 60654.

### FACTS

6. Plaintiff, a biracial, disabled individual with a record of disability, has been employed by Defendant since October 13, 1997. The Plaintiff's most recent position was as a Forklift Operator.

7. The Plaintiff became disabled in June of 2015. Around 2017 Plaintiff began a workers compensation case against Conagra due to her work injury.

8. In or around January 2017, the Plaintiff was temporarily transferred to the Packaging Machine Operator position to accommodate her disability.

9. The employee previously holding the Packaging Machine Operator position, Mr. King, took over the Plaintiff's Forklift Operator position during this time.

10. Initially while acting as Packaging Machine Operator, the Plaintiff's compensation did not decrease, despite it being a lower-paid position.

11. In or around July 2020, the Plaintiff's work restrictions became permanent, and her pay was decreased to reflect her title as Packaging Machine Operator.

12. Despite knowing the Plaintiff was permanently unable to return to her forklift position as of July 2020, Defendant did not post the position for hiring at that time and Mr. King continued to fulfill the position.

13. While placed in the role of Packaging Machine Operator, the Plaintiff complained on multiple occasions that Defendant was violating her work restrictions.

14. As a result, Plaintiff filed a previous charge of discrimination against the Defendant on July 24, 2020, for failure to accommodate her disability (NEB 2-20/21-7-51455-RS, 32E-2020-00546).

15. In September 2020, Mr. King, the employee filling Plaintiff's role as Forklift Driver, passed away.

16. After Mr. King's passing, the Plaintiff continued working as Packaging Machine Operator. This continued until October 13, 2020, when Human Resources officer Sarah Armstrong ("Armstrong"), informed the Plaintiff her current position as Packaging Machine Operator, as well as her original Forklift Driver position, would be posted for hiring.

17. The Plaintiff applied to maintain her position as Packaging Machine Operator on or around October 30, 2020.

18. The Plaintiff was denied the position despite having more seniority than the chosen candidate. In addition, the Plaintiff was more experienced in the particular role, as she filled the position for nearly four years. Defendant used seniority status as a factor in assessing candidates during previous hiring processes.

19. The Plaintiff was subsequently assigned to a less favorable position, working second and third shifts for a decreased wage. Armstrong informed the Plaintiff she would no longer be employed if she declined the less favorable assignment.

20. On December 6, 2021, Defendant's Workers Compensation Attorney told Plaintiff's Attorney to tell her not to return to work terminating her employment with the company.

21. The Plaintiff's performance was satisfactory.

## FIRST CAUSE OF ACTION

**(NFEPA Race Discrimination)**

22. Plaintiff incorporates herein as if fully set forth, the allegations contained in paragraphs one through 20.

23. The foregoing actions of Defendant constitute a violation of Sections 48-1104 and 48-1114(1)(a) and (b) of the Nebraska Fair Employment Practice Act ("NFEPA").

24. Due to her race, Defendant subjected her to different terms and conditions of her employment and subjected her to adverse wages and fired her.

25. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

## SECOND CAUSE OF ACTION

### (Nebraska Disability, Record of Disability)

26. Plaintiff incorporates herein as if fully set forth, the allegations contained in paragraphs one through 20.

27. The Foregoing actions of the Defendant constitute a willful violation of the terms and conditions of the Nebraska Fair Employment Practices Act § 48-1104, et seq. The Plaintiff was discriminated against when Defendant failed to reasonably accommodate her disability.

28. The Plaintiff was discriminated and retaliated against when the Defendant unlawfully subjected her to different terms and conditions of employment because of her disability and requests for accommodation.

29. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

## THIRD CAUSE OF ACTION

### (NFEPA Retaliation)

30. Plaintiff incorporates herein as if fully set forth, the allegations contained in paragraphs one through 20.

31. The foregoing actions of Defendant constitute a violation of Neb. Rev. Stat. § 48-1114, in that the Plaintiff was retaliated against when Defendant subjected the Plaintiff to different terms and conditions of employment for requesting accommodation and filing a previous charge of discrimination with the NEOC on July 24, 2020.

32. Plaintiff was subjected to an adverse employment action when she was demoted and wrongfully discharged for engaging in the aforementioned protected behavior in violation of § 48-1114 of the Nebraska Fair Employment Practices Act.

33. There is a direct and causal link between the Plaintiff's protected activity and the adverse actions taken against her by the Defendant. Prior to the Plaintiff filing a charge of discrimination with the NEOC on July 24, 2020, the Defendant made no indication that the Plaintiff would be removed from her accommodating position as Packaging Machine Operator. The Plaintiff's work restrictions became permanent in July of 2020, but the Defendant did not choose to reassign her until October of 2020.

34. As a result of the Defendant's discrimination, Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

### FOURTH CAUSE OF ACTION

### (Public Policy)

35. Plaintiff incorporates herein as if fully set forth, the allegations contained in paragraphs one through 20.

36. Defendant discriminated against, retaliated against, and wrongfully discharged Plaintiff from her position in violation of

Nebraska Law and Public Policy for her workers compensation injury and pursing benefits as more fully set out herein, which actions were taken in retaliation for Plaintiff's objections to the unlawful actions taken by the Defendant.

37. As a direct and proximate cause of the Defendant's discrimination, Plaintiff has suffered lost wages, lost benefits, emotional and physical distress, loss of enjoyment of life, substantial inconvenience, incurred attorney's fees, and pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this Court to assume jurisdiction over this case and issue judgment against the Defendant with regard to the following:

a. Lost wages and benefits to the date of trial;
b. Reinstatement or front pay;
c. Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses;
d. Award Plaintiff reasonable attorney fees and costs of this trial; and;
e. Award the Plaintiff such further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that a jury trial be held in Lincoln, Lancaster County, Nebraska.

Dated this 15th day of April, 2022.

**JUDY BROWN, Plaintiff,**

By:/s/ Joy Shiffermiller_____

                        Joy Shiffermiller, #18164
                        Shiffermiller Law Office, P.C., L.L.O.
                        1002 G Street
                        Lincoln, NE 68508
                        (402) 484-7700
                        (402) 484-7714 (fax)

## PRAECIPE

TO THE CLERK OF SAID COURT:

Please issue a summons to Defendant:

    Conagra Brands, Inc.
    c/o CT Corporations System, Reg. Agent
    5601 S. 59th street
    Lincoln, Nebraska 68516

And return the same with a copy of the Complaint, to attorney for the Plaintiff, Joy Shiffermiller, Shiffermiller Law Office, P.C., L.L.O., 1002 G Street, Lincoln, Nebraska 68508, so that said summons may be served on Defendant by certified mail.

                        /s/ Joy Shiffermiller
                        Joy Shiffermiller